# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      CASE NO. 17-20155
                                        HON. DENISE PAGE HOOD

v.

JEREMIAH WEEKES,

    Defendants.
    _____/

## ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT'S EXPERT AND EXPERT REPORT [ECF No. 75]

**I.    Introduction**

Defendant Jeremiah Weekes has been charged in a multi-count Fourth Superseding Indictment with, among other things: (a) health care fraud conspiracy, in violation of 18 U.S.C. § 1349; and (b) conspiracy to unlawfully distribute controlled substances, in violation of 21 U.S.C. § 846, 841(a)(1). On October 4, 2019, Weekes filed a Motion to Exclude Testimony of Government's Expert and Expert Report ("Motion to Exclude"). The Government has filed a response. At the time the Motion to Exclude was filed, pursuant to a prior stipulation of the parties, the Court had scheduled a jury trial in this case for December 2, 2019. For the reasons that follow, the Motion to Exclude is denied.

**II.    Background**

On January 3, 2019, the Court held a status conference, at which a trial date of August 6, 2019, a final pretrial conference of July 26, 2019 and other filing deadlines were set. Due to the Government's assertions that it would not be obtaining an expert, defense counsel asked the Court to set a disclosure deadline date for expert reports. ECF No. 75, Ex. A at 12. The Government agreed to disclose any expert report by June 3, 2019 and requested that the disclosure date apply to the defense as well. *Id.* An order with scheduling dates was issued by the Court on January 9, 2019, although a date by which expert reports were to be exchanged was not included. ECF No. 67. On June 3, 2019, defense expert Dr. Robert Odell's report was emailed to the Government. The Government did not disclose any expert or expert report on or before June 3, 2019.

On July 19, 2019, pursuant to the stipulation of the parties, the Court issued an order finding excludable delay as to the Defendant and reset the final pretrial conference for November 5, 2019, with the jury trial to begin on December 2, 2019. ECF No. 73. The July 19, 2019 order was issued pursuant to an agreement between the parties to move the dates and was entered without a hearing. The Court's July 19, 2019 order did not include an expert disclosure deadline. On September 13, 2019, the Government disclosed its expert witness (Dr. David Cooke), his curriculum vitae, and a 45-page report detailing the basis for his testimony. ECF No. 75, Ex. C.

At a November 5, 2019 hearing, the Court determined that the trial date would have to be adjourned from December 2, 2019. After discussing the need for adjournment with the parties, the Court adjourned the trial date to April 21, 2020.

**III.  Analysis**

Defendant argues that the Court should exclude the testimony of Dr. Cooke and his expert report because the Government did not disclose any information regarding Dr. Cooke until September 13, 2019, over three months after the June 3, 2019 deadline established at the January 3, 2019 status conference. The Court is not persuaded that the relief requested by Defendant is appropriate.

First, the disclosure of expert witnesses is governed by Federal Rules of Criminal Procedure 16(a)(1)(G), which states, "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Rule 16 does not set forth deadlines by which the government must comply with such disclosure(s).

Second, in this case, as the language from the January 3, 2019 status conference demonstrates (language cited by Defendant), the June 3, 2019 deadline was established based on an August 6, 2019 trial date. The purpose for setting that dates was to afford Defendant and his counsel the ability to assess the Government's expert

report (if any) in advance of trial. The June 3, 2019 trial date was adjourned – at the request of <u>both</u> parties – for approximately 120 days, until December 2, 2019, and subsequently by the Court until April 21, 2020. With those adjournments, there was no longer a need for Defendant to receive information regarding the Government's expert by June 3, 2019 in order to digest and assess it by the August 6, 2019 trial date.

Third, the Government provided Defendant with the information regarding its expert, Dr. Cooke, on September 13, 2019. At that time, there were still 80 days before trial was scheduled to commence – two weeks longer than Defendant would have had to digest and assess such information if the expert deadline remained June 3, 2019 and the trial date was not adjourned from August 6, 2019. The fact that the trial will now commence on April 21, 2020 only affords Defendant more time to digest and assess the expert's report.

Fourth, "[t]he goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *United States v. Maples*, 60 F.3d 244, 247 (6th Cir.1995). The following factors should be considered in deciding whether suppression of evidence is an appropriate

remedy to be imposed for a discovery violation: (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess. *Id.; see also United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006).

The Government represents that it presumed in good faith that the expert deadline was no longer June 3, 2019 because the August 6, 2019 trial date was moved. The parties, however, did not notify the Court that the August 6, 2019 trial date might be a problem until well after the June 3, 2019 deadline had passed. Accordingly, the Court finds that the Government did not act in good faith in failing to provide the requisite expert information by June 3, 2019. Rather, it appears to the Court that the Government did not intend to utilize an expert (as it indicated at the January 3, 2019 status conference), but decided to obtain an expert after receiving Defendant's expert report. The object of requiring the reports to be filed simultaneously was thereby thwarted. By virtue of the trial being adjourned for 120 days from August 6, 2019 to December 2, 2019, the Government had the good fortune of still being able to obtain an expert and disclose that expert information to Defendant approximately two-and-a-half months before trial was scheduled to start.

Absent from Defendant's argument is that he will be prejudiced by not receiving the information pertaining to Dr. Cooke until September 13, 2019. The lack of prejudice may stem from the fact that the start of trial was more than 11 weeks away, a period of time that would afford Defendant and his counsel more than adequate time to digest and assess Dr. Cooke's proposed expert testimony. That 80-day period also eliminated the need to request – and the basis for requesting – a continuance of the trial. The fact that the trial will now commence on April 21, 2020 only operates to further lessen any prejudice to Defendant.

The Court also notes that, even if the Court were to conclude that the Government did not comply with Rule 16(a)(1)(G), Rule 16(d)(2) identifies four remedies for failure to comply. Those remedies include: (A) ordering the violating party to permit discovery or inspection; (B) granting a continuance; (C) prohibiting the violating party from introducing the undisclosed evidence; or (D) entering any other order that is just under the circumstances. In this case, subsection (A) has been satisfied by the fact that Defendant will have had more than six months to digest and assess the Government's expert before trial commences. For that reason, there is no reason to continue the trial, prohibit the Government from introducing the "undisclosed" evidence, or enter any other order.

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that the Motion to Exclude Testimony of Government's Expert and Expert Report [ECF No. 75] is **DENIED.**

IT IS ORDERED.

                                                     s/Denise Page Hood
                                                     United States District Judge

December 6, 2019